UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                            Case No. 1:08-CR-65

v.                                            Hon. Robert J. Jonker

LINDELL HOGGROVE IV,
a/k/a "Project",

        Defendant.
_____/

**ORDER OF REVOCATION AND DETENTION**

        This case returns to this court in a somewhat unusual posture, making a brief recitation of the proceedings useful.

        On July 15, 2008, defendant Lindell Hoggrove IV appeared before a United States Magistrate Judge in the Eastern District of Michigan on a warrant and complaint out of this district, charging him with conspiracy to distribute cocaine.  Following a detention hearing in the Eastern District, defendant was released on a $10,000.00 unsecured bond with the conditions that he report to the Pretrial Services office; reside with his aunt in Detroit or at another residence approved by Pretrial Services; participate in electronic monitoring; and clear up an outstanding warrant in Kalamazoo, among other things.  Defendant was also directed to report to the Western District of Michigan the following week.

        On July 22, 2008, defendant appeared before the undersigned.  An order was entered amending the bond set in the Eastern District of Michigan to clarify conditions pertaining to drug

1

testing and to prohibit alcohol. The following day defendant's aunt told the Pretrial Services office in the Eastern District of Michigan that defendant could not reside in her home. A bond modification hearing was scheduled by this court for July 25, 2008 at 2:30 p.m. to address where defendant would reside, but defendant failed to appear and a bench warrant was issued.

Defendant did not contact the Pretrial Services office in either district, and remained in absconder status for three months, from July 25, 2008 until October 28, 2008, when he was arrested by the Detroit police on a home invasion charge. He was apparently released from state custody on November 7, 2008 and placed on a state tether. On November 19, 2008, defendant pled guilty to Home Invasion, 2nd degree, and on January 21, 2009 he was sentenced to two years probation under the Holmes Youthful Training Act.

In the meantime, a federal hold had been placed on the defendant due to the warrant from this district, and on January 22, 2009 defendant appeared before a magistrate judge in the Eastern District of Michigan on that warrant. Defendant was temporarily detained and a detention hearing was scheduled for January 23, 2009. On January 23rd defendant was also interviewed by the Pretrial Services office in Detroit and stated that he had been residing with his mother in Detroit since July 2008. This information could not be verified since defendant did not know his mother's telephone number. Defendant was not authorized to live at this address in any event.

Presumably because the bond in the present case had originally been set in the Eastern District of Michigan, a magistrate judge in that district held a full detention hearing on January 23, 2009, and found that the defendant was both a serious risk of non-appearance as well as a danger to the community.

Following the Detroit proceedings, defendant first appeared in court in this district on February 9, 2009. He appeared without his counsel and was remanded to the custody of the United States Marshal pending a bond revocation hearing scheduled for this date.

18 U.S.C § 3148(b) provides that where a warrant has been issued for the arrest of a person charged with violating a condition of release (here, having failed to appear before this court on July 25, 2008 for a bond modification hearing), the person "shall be brought before a judicial officer in the district in which such person's arrest was ordered," i.e., the Western District of Michigan. Pursuant to a hearing held this date in accordance with § 3148, I find probable cause to believe defendant committed a state crime while on release, based upon his plea of guilty to home invasion, second degree. 18 U.S.C. § 3148(b)(1)(A). In addition, I find by clear and convincing evidence that the defendant has violated three conditions of his release, namely the requirement that he appear at all proceedings as required by this court, that he report to Pretrial Services, and that he not commit any offense under state law. 18 U.S.C. § 3148(b)(1)(B).

I further find that there are no conditions or combination of conditions of release that will assure that defendant will not abscond again or pose a danger to the safety of the community based on the fact that he is an absconder who was apprehended only because he committed another crime. 18 U.S.C. § 3148(b)(2)(A). Both of these findings are supported by clear and convincing evidence.

In the alternative, I find that the rebuttable presumption which arises when there is probable cause to believe that while on release the defendant committed a state crime, is unrebutted and for that reason as well, I find no condition or combination of conditions will assure that the defendant will not pose a danger to the safety of the community. 18 U.S.C. § 3148(b).

Accordingly, defendant's bond is revoked and he will be detained pending trial. The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with his defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Dated: February 17, 2009                             /s/ Hugh W. Brenneman, Jr.
                                                     HUGH W. BRENNEMAN, JR.
                                                     United States Magistrate Judge